**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Henry MEADOR, Jr., Defendant-Appellant.**

**No. 71–1416.**

United States Court of Appeals, Tenth Circuit.

Feb. 14, 1972.

Rehearing Denied March 8, 1972.

James Henry Meador, Jr., pro se, and Thomas H. Melton, Denver, Colo., for defendant-appellant.

Stephen K. Lester, Asst. U. S. Atty., for plaintiff-appellee on the brief, Glen S. Kelly, Asst. U. S. Atty., argued.

Before LEWIS, Chief Judge, DOYLE, Circuit Judge and WINNER, District Judge.

WINNER, District Judge.

Appearing both pro se and through appointed counsel, appellant challenges his conviction under 18 U.S.C. § 1792 which provides in material part:

"Whoever conveys . . . from place to place (within a Federal penal institution) . . . any weapon . . . or thing designed to kill, injure, or disable any officer, employee, or inmate thereof" shall be guilty of a crime.

Meador was a prisoner at Leavenworth Penitentiary. A guard came to Meador's cell and ordered him to proceed to the front of the cellhouse. He was there searched, and a knife was found concealed beneath his clothing. He now says that although he carried the knife from the cell to the front of the cellhouse, he did not voluntarily and intentionally "convey it from place to place" in the penitentiary because his movement was pursuant to the guard's orders. In answer to this contention, the government argues and we agree that all movements of a prisoner inside a penitentiary are to a lesser or greater degree subject to the orders of the prison administration, but that this fact does not immunize prisoners from conviction under the statute. Meador could have turned the knife over to the guard when he was ordered to leave his cell, but instead, he knowingly, voluntarily and intentionally retained possession of the knife and walked to the front of the cellhouse with it concealed on his person. When he did this, he conveyed the knife a distance of 100 yards from one place to another within the federal penitentiary, and we need not reach questions of the sufficiency of proof of any earlier alleged conveyance of the knife by appellant.

Appellant argues that the court's instructions were erroneous in failing to adequately advise the jury as to the requisite intent and that the court erred in refusing to add to its definition of the phrase "to convey from place to place" qualifying language saying that any such conveyance "must be made freely and without direction or command." What has been said heretofore in part answers the second contention, and the court did instruct that to convict, the jury was required to find that defendant had the specific intent to disobey the law; that his conduct had to be knowing and voluntary, and that proof of union of act and intent had to be established beyond a reasonable doubt. The court's instructions were almost verbatim from Devitt and Blackmar's Federal Jury Practice and Instructions (1970) Secs. 13.02, 13.03 and 13.06. There was no error in the instructions given; there was no error in refusing to add the requested qualifying language to the court's definition of the meaning of "conveying from place to place," and the instructions as to the required intent and the degree of proof required to establish it were full and complete.

Appellant's reliance on United States v. Byrd (1965 2 Cir.) 352 F.2d 570, is misplaced. The *Byrd* instructions on intent did not come close to the instructions here given, and in *Byrd* the court failed to instruct that intent had to be proven beyond a reasonable doubt. The instructions here correctly set forth the elements of the crime, and in addition to the instructions on intent, the court instructed that every material allegation of the offense charged had to be proven to the jury's satisfaction beyond a reasonable doubt.

In his pro se brief, appellant argues (a) that there was error in the denial of a last minute request for a continuance to subpoena far distant former inmate witnesses to testify to appellant's behavior, (b) that there was error in denying an equally late request for a continuance to order an "in depth" psychiatric examination of Meador, and (c) that government counsel's interruption of the defense final argument was error. Nearby inmate witnesses were subpoenaed to testify to Meador's behavior, and, although it was said at the omnibus hearing that defendant might claim mental incompetency, no request for a psychiatric examination was made until the day before trial. A psychiatrist was appointed and an examination was conducted at the University of Kansas Medical School. The doctor had available to him a prior psychiatric examination conducted at Springfield Medical Center for Federal Prisoners, and he expressed his professional opinion that defendant was competent on the day of the alleged offense and that he was competent to assist in his trial. We agree with appointed counsel that the first two of these pro se contentions of appellant must be rejected under Leino v. United States (1964 10 Cir.) 338 F.2d 154. See, also, Smith v. United States (1969 10 Cir.) 413 F.2d 975; United States v. Eagleston (1969 10 Cir.) 417 F.2d 11 and United States v. Price (1971 10 Cir.) 444 F.2d 248. The third pro se contention is equally without merit under Sarsycki v. United States (1965 10 Cir.) 344 F.2d 960; Sill Corp. v. United States (1965 10 Cir.) 343 F.2d 411, and McManaman v. United States (1964 10 Cir.) 327 F.2d 21.

Finally, appellant's pro se brief argues incompetence of trial counsel (an argument not joined in by appointed counsel here). A review of the record discloses that Meador was ably and conscientiously represented by his appointed trial counsel. The showing of incompetence required by Goforth v. United States (1963 10 Cir.) 314 F.2d 868, and the cases therein cited is not met here.

Affirmed.