**UNITED STATES of America, Appellee,**

v.

**Richard Noel LaBARE, Appellant.**

**No. 76–1118.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 5, 1976.

Decided Oct. 21, 1976.

Certiorari Denied Dec. 13, 1976.
See 97 S.Ct. 651.

---

Robert P. Geary, Highland Springs, Va., for appellant.

L. Richard Rawls, Third Year Law Student (William B. Cummings, U. S. Atty., J. Frederick Sinclair, Asst. U. S. Atty., Alexandria, Va., and Charles L. Beard, Asst. U. S. Atty., Richmond, Va., on brief), for appellee.

Before CRAVEN and BUTZNER, Circuit Judges, and FIELD, Senior Circuit Judge.

PER CURIAM.

Richard Noel LaBare was convicted of violating 18 U.S.C. § 1792 by carrying a knifelike weapon from place to place within the Petersburg Federal Reformatory. Upon this appeal LaBare contends that carrying the weapon from one part of a cell to another does not constitute a violation of the statute, and that his act of carrying the weapon was not voluntary since he walked across the cell at the order of a prison guard.

The essential evidence is undisputed. A guard found LaBare and several other prisoners in one cell and ordered LaBare to leave. As LaBare walked across the cell, a distance of some thirty to forty feet, and approached the door, one of the other prisoners suggested to the guard that LaBare had a weapon. The guard then searched LaBare and discovered the knife.

The Court of Appeals for the Tenth Circuit has had occasion to consider the relevant portions of Section 1792 several times within the recent past. Noting that a criminal statute is to be strictly construed, that court held that mere possession does not violate the statutory proscription, and that "the phrase 'conveying from place to place' denotes something more than a slight or unsubstantial change in the situs of an object." *United States v. Bedwell*, 456 F.2d 448, 450 (10 Cir. 1972). It has held, however, "that even a short space in which the transportation occurred is enough." *United States v. Swindler*, 476 F.2d 167, 169 (10 Cir. 1973). *See also United States v. Acosta*, 495 F.2d 60 (10 Cir. 1974); *United States v. Meador*, 456 F.2d 197 (10 Cir. 1972). The statute does not define the term from place to place, and we perceive no reason to read into it a requirement that the conveyance be from one place to another place that is separated from the first by a partition or other barrier. In the present case it was sufficient that the weapon was carried from one place in the prison cell to another place some thirty or forty feet distant.

Likewise, there is no merit to LaBare's contention that his conveyance of the weapon was involuntary. There is no indication that when he was directed to leave the cell there was such urgency in the guard's order that LaBare could not have surrendered the weapon before starting his departure. *Cf. United States v. Swindler, supra.*

Since the evidence supports the jury's verdict that LaBare's conduct violated the statute, the judgment of conviction is affirmed.

AFFIRMED.