UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert A. BARNES,
Defendant-Appellant.

No. 77–5641

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 15, 1978.

Terry P. Lewis, Tallahassee, Fla. (Court-appointed), for defendant-appellant.

Nickolas P. Geeker, U. S. Atty., Pensacola, Fla., Donald Modesitt, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

The appellant, Robert Barnes, an inmate at the Federal Correctional Institute in Tallahassee, Florida, was discovered grinding the tip of a recently stolen automobile antenna to a sharp, knife-like point. He was convicted of conveying a weapon from place to place within a prison in violation of 18 U.S.C. § 1792. We affirm.

The evidence showed that the appellant, when caught grinding the 13″ antenna in the prison auto body shop, surrendered it to a prison official. At that time, it had a taped handle, and a long sheathe. On the same day, the chief correctional officer interviewed the appellant but only after having given the appellant his *Miranda*[1] warn-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ings and having obtained a signed waiver form. The appellant told the officer that he had obtained the broken antenna in front of the prison auto body shop, and that it did not have a point when he obtained it.

The evidence also included the appellant's statements in an F.B.I. interview two weeks later. After again being advised of his rights, the appellant stated that he had kept the antenna in his dormitory bunk until the day he was caught grinding it in the prison auto body shop.

On appeal, the appellant contends that there was insufficient evidence to show that a "weapon" came into existence prior to his grinding the point, and, consequently, that he could not have conveyed a "weapon" from "place to place" within the prison in violation of 18 U.S.C. § 1792. The appellant further contends that even if a weapon had been in existence prior to his grinding the point, the evidence was insufficient to show that he "conveyed" it within the meaning of 18 U.S.C. § 1792.

The Court below correctly noted that almost any implement, even a belt buckle, could be intended or used as a weapon. Whether a recently stolen antenna, broken, lacking a legitimate function, and hidden, constituted a weapon, was a question of fact for the jury. *Moody v. U. S.*, 377 F.2d 175, 179 (5th Cir. 1967). We do not find the jury's apparent conclusion that the antenna was a weapon even before it had a point unreasonable under these circumstances.

While there was no testimony about the precise distance the antenna was carried within the prison, see *U. S. v. Jasper*, 523 F.2d 395 (10th Cir. 1975), the instant case is clearly not one of mere possession. In *U. S. v. Bedwell*, 456 F.2d 448 (10th Cir. 1972), the evidence showed only that the defendant picked up a knife, or carried it a few feet, within one prison room. The Tenth Circuit Court of Appeals reversed the conviction on the grounds that such slight movement did not satisfy the statutory requisite of "conveying". In the instant case, by contrast, the appellant ad-

mitted in interrogation that he obtained the antenna outside the auto body shop, and that he hid it in his bunk. This evidence, viewed in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), permitted an inference of conveyance from place to place within the prison thereby satisfying the requirements of § 1792.

We have reviewed the other issues raised, and they are without merit.

AFFIRMED.