UNITED STATES of America,
Plaintiff-Appellee,

v.

Willie C. TANNER, Anthony Cleveland
and Arnold L. Swain,
Defendants-Appellants.

No. 77–5682
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 17, 1978.

D. Stephen Kahn (court-appointed), Tallahassee, Fla., for Tanner.

Kenneth R. Hart (court-appointed), Tallahassee, Fla., for Cleveland.

Clinton H. Coulter, Jr. (court-appointed), Tallahassee, Fla., for Swain.

Nickolas P. Geeker, U. S. Atty., Pensacola, Fla., Donald S. Modesitt, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

Appellants Swain, Cleveland, and Tanner, inmates of the Federal Correctional Institu-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

tion ("FCI"), Tallahassee, Florida, were convicted of holding hostage, and aiding and abetting each other in holding hostage, three prison workers, 18 U.S.C. §§ 2, 7, 13, and Fla.Stat.Ann. 787.01(1)(a)(1); conveying weapons from place to place within a federal correctional institution, 18 U.S.C. § 1792; and unlawfully attempting, and aiding and abetting an attempt, to escape from a federal prison, 18 U.S.C. §§ 2, 751(a). On appeal, the principal issue is whether the evidence was sufficient to prove that the hostages were taken within the exclusive and the special territorial jurisdiction of the United States. Finding that the evidence was sufficient, we affirm.

At trial the government introduced into evidence a 1937 deed of conveyance and 1938 deed of cession of land in Leon County, from Florida to the United States, for purposes of building a federal prison. A large number of witnesses testified that FCI was a federal prison, was staffed by federal employees, and was located in Tallahassee. One witness situated it two miles from the courthouse, in Leon County. It was undisputed that all three appellants at the time of the offenses, were inmates therein, and that the FBI was called as a matter of course to investigate the incident.

▮ While it would have been useful for the lower court to have taken judicial notice [1] of FCI's location within the special territorial jurisdiction of the United States, 18 U.S.C. §§ 7, 13, and within its exclusive jurisdiction, as alleged in the indictment, we are convinced that the above facts sufficed to prove jurisdiction. See *Hall v. United States*, 10 Cir. 1968, 404 F.2d 1367, 1368; *Markham v. United States*, 4 Cir. 1954, 215 F.2d 56, 58.

▮ Swain also contends that the evidence did not prove his conveyance of a knife from place to place, as required for a conviction under 18 U.S.C. § 1792. While the evidence is sufficient to conclude that appellant Swain conveyed the knife across the prison yard in violation of 18 U.S.C.

§ 1792, we note that we would also uphold his conviction even if the evidence showed that Swain conveyed the knife while located in a single room. As the Fourth Circuit observed in *United States v. LaBare*, 542 F.2d 926, 927 (4 Cir.), *cert. denied*, 429 U.S. 1027, 97 S.Ct. 651, 50 L.Ed.2d 630 (1976), there is no requirement that the conveyance be from one place to another place separated from the first by a partition or other barrier. *See also United States v. Swindler*, 476 F.2d 167, 169 (10 Cir. 1973).

We have reviewed the other issues raised and find them to be without merit.

AFFIRMED.