**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Isaac KIRKLAND,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Harold Edward BROWN,**
**Defendant–Appellant.**

**Nos. 79–1668, 79–1669.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1980.

Decided Oct. 23, 1980.

Jan Lawrence Handzlik, Stilz, Boyd, Levine & Handzlik, Los Angeles, Cal., on brief, for Kirkland.

Georgina T. Rizk, Deputy Federal Public Defender, Los Angeles, Cal., for Brown.

Percy Anderson, Asst. U. S. Atty., Los Angeles, Cal., for U. S.

Before WALLACE and SCHROEDER, Circuit Judges, and CORDOVA,* District Judge.

SCHROEDER, Circuit Judge:

These consolidated appeals are from appellants' convictions of conveying dangerous weapons from place to place in a prison in violation of 18 U.S.C. § 1792.[1] We must consider two main issues. The more significant is appellant Brown's contention that the jury was improperly instructed with

regard to the elements of the crime and, specifically, the meaning of the word "conveyance." The other issue, raised by both appellants, involves prosecutorial misconduct during closing argument. We affirm Kirkland's conviction since the impropriety of the prosecutor's statement did not require declaration of a mistrial. We agree with Brown that an improper definition in the instruction requires reversal of his conviction.

Charges against both appellants stemmed from a prison disturbance at the Federal Correctional Institution at Lompoc, California, where both appellants were serving prison terms. A prison guard testified that he saw Kirkland running from the scene with a metal bar, that Kirkland actually struck him with the bar, and that the guard chased, caught and handcuffed Kirkland. Another guard witnessed the last part of the chase and helped subdue Kirkland. Kirkland testified that he had nothing to do with the assault and that he was talking with friends at the time.

Another guard testified that he saw Brown running from the scene with a screwdriver. Brown took the stand and testified that he saw the screwdriver on the floor and simply pushed it against the wall. He further testified he never had it in his possession and that he intended to use it only if he was in danger of being hurt.

The government was required to prove that the instrument in each case was "convey[ed]." 18 U.S.C. § 1792; *United States v. Bedwell*, 456 F.2d 448 (10th Cir. 1972). Over Brown's objection, the trial court instructed the jury that the word "conveyance" as used in the instructions meant "moving a weapon or thing from place to place." Thus, under the court's instruction, it made no difference whether Brown carried the screwdriver as the guard testi-

---

\* Honorable Valdemar A. Cordova, United States District Judge for the District of Arizona, sitting by designation.

1. Section 1792 provides in pertinent part:
Whoever conveys into such institution, or from place to place therein, any firearm, weapon, explosive, or any lethal or poisonous gas, or any other substance or thing designed to kill, injure, or disable any officer, agent, employee, or inmate thereof, or conspires so to do—
Shall be imprisoned not more than ten years.

fied, or whether, as Brown himself testified, he simply pushed it away. Regardless of whom the jury believed, it was movement, and the court's definition of that element of the crime was satisfied.

■ In this appeal, Brown argues that to "convey" within the meaning of the statute requires more than mere movement, but, at the very least some element of possession or control.[2] Unfortunately, the statute itself contains no definition of the term "convey", and there is no helpful legislative history. Leading cases construing the statute have been decided by the Tenth Circuit, however, and they support Brown's position here.

■ "Convey" has been used interchangeably with "transport" or "carry." *See United States v. Swindler*, 476 F.2d 167 (10th Cir.), *cert. denied*, 414 U.S. 837, 94 S.Ct. 183, 38 L.Ed.2d 72 (1973); *United States v. LaBare*, 542 F.2d 926 (4th Cir.), *cert. denied*, 429 U.S. 1027, 97 S.Ct. 651, 50 L.Ed.2d 630 (1976). *See* Webster's Third New International Dictionary 499 (1971). Such usage is proper. The cases generally hold that the distance the weapon is transported need not be great, e. g., *United States v. Swindler, supra; United States v. Jasper*, 523 F.2d 395 (10th Cir. 1975), *cert. denied*, 423 U.S. 1075, 96 S.Ct. 859, 47 L.Ed.2d 85 (1976); *United States v. Meador*, 456 F.2d 197 (10th Cir.), *cert. denied*, 406 U.S. 970, 92 S.Ct. 2427, 32 L.Ed.2d 669 (1976), but that the conveyance requirement means something more than mere possession. Thus, in *United States v. Bedwell, supra*, the Court held that dropping a knife was not a conveyance of the knife. The Court held, as summarized in a later case, "the movement of a knife to a stationary position did not constitute transportation . . . ." *United States v. Swindler, supra*, at 169. The Tenth Circuit cases have been followed by other circuits, *United States v. LaBare, supra,* and *United States v. Tan-*

ner, 571 F.2d 334 (5th Cir.), *cert. denied sub nom. Cleveland v. United States*, 439 U.S. 845, 99 S.Ct. 142, 58 L.Ed.2d 145 (1978).

■ Applying the principles laid down in those cases to this situation, we must conclude that the court's instruction equating "convey" with "move" was improper. If the jury believed Brown's testimony that he merely pushed the screwdriver and it was not under his control, he should not have been convicted, for that action fell short of conveying. The statute is intended to punish more than mere possession, and movement without possession or control should not fall within the statute's proscriptions.

■ The second issue, raised by both Brown and Kirkland, relates to the statement by the prosecutor during closing argument that counsel for both defendants knew that their clients were "guilty as sin." The statement was clearly improper, and the jury was admonished that "[y]ou are not to take as having any significance at all anything that a lawyer may have said attributing to some other lawyer some attitude or belief in or about the case." We need not consider whether additional action by the trial court should have been taken in Brown's case because we have held that his conviction must be reversed on other grounds. In Kirkland's case, the evidence against him was strong, direct, and corroborated. The Court gave an appropriate curative instruction. Considering the evidence as a whole, as we are required to do in cases of improper prosecutorial argument, *Carothers v. Rhay*, 594 F.2d 225 (9th Cir., 1979); *United States v. Lopez*, 575 F.2d 681 (9th Cir. 1978), we cannot say that the trial judge abused his discretion in failing to grant a mistrial.

■ A third issue, raised by Brown and in which Kirkland joins, is the refusal of the

---

**2.** Kirkland joins in this argument on appeal, but he did not object to the instruction below and cannot therefore raise it now. Fed.R. Crim.P. 30. Even if he had properly objected, we would hold that any error was harmless as far as Kirkland was concerned. Since his defense was an alibi, the jury's guilty verdict

shows that it accepted the only other evidence on his conveying, which was the guard's testimony that he carried a metal bar some distance. Even under Brown's interpretation of the statute, this certainly amounted to a "conveyance."

district court to grant a severance. Because Brown will be retried, if at all, alone, this issue is now moot with respect to him. Kirkland is not in a position to question the joinder issue since he neither objected to joinder nor moved for a severance. Fed.R. Crim.P. 12(b)(2), 12(b)(5), 12(f), 52(b).

*United States v. Kirkland* is affirmed; *United States v. Brown* is reversed and remanded for a new trial or other appropriate proceedings.