Willis L. GRAYSON, Jr., Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: April 7, 1987.
Decided: April 10, 1987.

Nancy Jane Mullen (argued), Asst. Public Defender, Office of the Public Defender, Wilmington, for defendant below, appellant.

Richard E. Fairbanks, Jr. (argued), Chief of Appeals Div., Robert J. Prettyman, Loren C. Meyers, Timothy J. Donovan, Jr., Deputy Attys. Gen., Dept. of Justice, Wilmington, for plaintiff below, appellee.

Before CHRISTIE, C.J., HORSEY and HOLLAND, JJ.

HORSEY, Justice:

Defendant, Willis L. Grayson, Jr., appeals his convictions in a Superior Court trial by jury of two counts of rape in the second degree, 11 *Del.C.* § 763, of his then fourteen-year-old stepdaughter ("victim").

■ The trial court did not abuse its discretion or commit reversible error in its evidentiary ruling permitting the State's witness, the victim's older brother, in the State's case in chief to testify over objection concerning their stepfather's mode of punishing his children, namely, with the use of a riding crop.

The witness' testimony was clearly relevant to the veracity of his sister's prior testimony concerning defendant's threatened use of a riding crop if she did not comply with his wish to have sex. Victim had testified that immediately before, her stepfather had forced her: to come into his bedroom, take off her clothes, and put on her mother's negligee, or otherwise "get a

beating" with his riding crop. Victim then testified that her stepfather had hit her "three soft times on the behind" with the crop before proceeding with intercourse. She further testified that when she started crying, he told her to shut up or he *would* hit her with the crop.

On victim's cross examination by defendant, defense counsel questioned victim closely as to why she had failed to mention the riding crop or defendant's use of it when she had been first interviewed by police several months later. The objected-to testimony was clearly relevant to the veracity of victim, the centerpiece of the defense, defendant having categorically denied having ever had intercourse with his stepdaughter, D.R.E. 401.[1] The evidence's probative value was not "substantially outweighed by the danger of unfair prejudice," D.R.E. 403;[2] and in any event, no "substantial right of [defendant was] affected." D.R.E. 103(a).[3]

■ The trial court did not abuse its discretion in denying defendant's motion for a mistrial. The motion followed the victim's older brother's unsolicited characterization of their stepfather's form of corporal punishment as "very harsh." The Court correctly excluded the witness' testimony as irrelevant and its instruction to the jury to disregard that portion of his testimony cured any arguable prejudice to defendant.

■ The trial court neither abused its discretion nor denied defendant his right to a fair trial (or the effective representation of counsel) in its response to defense counsel's invocation of the "golden rule" argument in closing and the State's timely objection. The Court correctly ruled as a matter of law that defendant's argument—calling for the jurors to decide the case as

---

1. D.R.E. 401 states:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

2. D.R.E. 403 states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed

by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

3. D.R.E. 103(a), in pertinent part, states:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. . . .

if they were on trial—was clearly improper and violated the "golden rule" prohibition of *McNally v. Eckman*, Del.Supr., 466 A.2d 363 (1983), and *Delaware Olds, Inc. v. Dixon*, Del.Supr., 367 A.2d 178 (1976). The ABA Standards for Criminal Justice, the Prosecution and Defense Functions (Approved Draft, 1971), have equal application to prosecutors and to defense counsel. *Brokenbrough v. State*, Del.Supr., 522 A.2d 851 (1987); *Hughes v. State*, Del. Supr., 437 A.2d 559 (1981); *Hooks v. State*, Del.Supr., 416 A.2d 189 (1980).

The trial court did not abuse its discretion in declining to interrupt closing argument to engage in a sidebar conference with counsel or by directing defense counsel to proceed with his closing argument. The Court's characterization of defense counsel's improper argument to the jury as "inappropriate" was clearly apt and in no sense constituted a "reprimand," as characterized on appeal.

The State's handling of its summation to the jury in both its opening remarks and its rebuttal did not deprive defendant of his right to a fair trial or constitute "sandbagging," as defined under *Bailey v. State*, Del.Supr., 440 A.2d 997 (1982). The State was not required in the opening portion of its summation to detail the weaknesses of defendant's defense and the inconsistency between defendant's testimony and that of the State's witnesses. Similarly, the State was entitled in its rebuttal to respond to defendant's answering remarks focusing upon defendant's credibility and the inconsistencies in the testimony of the complaining witnesses. *Bailey* is not to be interpreted as requiring a prosecutor to include in his opening summation all or substantially all the evidence to be presented to the jury in closing. It was sufficient for the prosecutor in his opening statement to put defendant on notice that the credibility and bias of the respective parties was at issue from the outset. The record does not support a construction that the State's counsel consciously avoided treating a significant issue in its opening summation so as to "deprive defense counsel of the opportunity to reply." *Bailey, supra,* at 1002.

\* \* \*

Affirmed.