Bruce MASON, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 349,1994.

Supreme Court of Delaware.

Submitted: May 9, 1995.
Decided: May 16, 1995.

Bernard J. O'Donnell, Asst. Public Defender, Wilmington, for appellant.

Timothy J. Donovan, Jr., Deputy Atty. Gen., Wilmington, for appellee.

Before VEASEY, C.J., WALSH and HARTNETT, JJ.

VEASEY, Chief Justice:

In this appeal, we consider whether the Superior Court erred in failing to grant defendant below-appellant Bruce Mason's motions for acquittal or a new trial. After reviewing the record and the applicable authorities, we find that the Superior Court did not err, and therefore, we **AFFIRM** the decision of the Superior Court.

## I. FACTS

Bruce Mason ("Mason") was charged with four counts of Unlawful Sexual Intercourse First Degree and one count of Kidnaping First Degree based upon alleged sexual acts he performed on the complainant. During the summer of 1992, Mason took the complainant, her brother and her sister to his apartment to help him feed his dog. Once inside Mason's apartment, Mason allegedly told the complainant's brother to sit down and watch video games and then lured the

complainant into his bedroom and shut the door. The complainant's brother testified that he heard his sister crying behind the door and that when she emerged, her hair and clothing were disheveled and she was sniffling.

The complainant told her boyfriend that Mason raped her. In November 1992, the complainant's boyfriend told the complainant's mother, who in turn called the police. The police arrested Mason; when questioned, Mason stated that he had taken the complainant to his apartment, but that he had no sexual contact with her.

After a June 1994 jury trial in the Superior Court, Mason was convicted of three counts of Unlawful Sexual Intercourse First Degree. Although Mason did not object to the prosecutor's closing during trial, he moved for judgment of acquittal or a new trial claiming that the prosecutor's closing was prejudicial. The court denied both motions. In August 1994 Mason was sentenced to forty-five years imprisonment. This appeal followed.

## II. Mason's Claims of Error

Mason alleges that the prosecutor made seven irrelevant and inflammatory remarks during closing, including:

1. statements that it was the jury's "duty" to find Mason guilty;
2. favorable comparisons of his own credibility with that of the victim;
3. allusions to his personal belief that Mason was guilty;
4. an assertion that Mason's counsel believed Mason was guilty;
5. statements that the victim deserved to be believed and deserved justice;
6. general statements that people are convicted every day using the standard of proof of guilt beyond a reasonable doubt; and
7. references to the fact that the victim was a virgin before the alleged offense.

Although Mason's counsel did not object either during the prosecutor's closing argument or at the close of summation, he maintains that these remarks were so singularly prejudicial as to warrant a new trial; in the alternative, he argues that, even if none of

the remarks were prejudicial in and of itself, he was prejudiced when all are considered cumulatively.

■ Generally, a defendant must timely object to improper statements made in closing argument to preserve his claim on appeal. If the defendant fails to object, he waives the right to raise the issue on appeal, and this Court will not review his claim unless "plain error" is shown. *Robertson v. State*, Del.Supr., 596 A.2d 1345, 1356 (1991); *Ray v. State*, Del.Supr., 587 A.2d 439 (1991); *Weber v. State*, Del.Supr., 547 A.2d 948, 960 (1988); Supr.Ct. R. 8; *see also State v. Halko*, Del.Super., 193 A.2d 817, 830 (1963) ("Counsel must preserve alleged error committed by the Court by timely ... objections ... if he wishes to assert such matters as grounds for a new trial"), *aff'd*, 204 A.2d 628 (1964). " 'However, where substantial rights are jeopardized and the fairness of the trial imperiled, this Court will apply a plain error standard of review.' " *Robertson*, 596 A.2d at 1356 (quoting *Stansbury v. State*, Del. Supr., 591 A.2d 188, 191 (1991)).

Pursuant to the plain error standard,

the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.... Furthermore, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice.

*Robertson*, 596 A.2d at 1356 (quoting *Wainwright v. State*, Del.Supr., 504 A.2d 1096, 1100, *cert. denied*, 479 U.S. 869, 107 S.Ct. 236, 93 L.Ed.2d 161 (1986) (internal citations omitted). Applying the plain error standard, it does not appear that any of the alleged prejudicial remarks deprived Mason of either his due process rights or a fair trial. Accordingly, his appeal must fail. *See State v. McGee*, Mo.Ct.App., 848 S.W.2d 512, 513–14 (1993) ("Relief should rarely be granted on assertion of plain error to matters contained in closing argument, because trial strategy looms as an important consideration and, in

the absence of the specific request for relief, the trial court's options are narrowed to un-invited interferences with summation and a corresponding increase of error by such intervention").

### A. Statements that it was the jury's "duty" to find Mason guilty.

During closing, the prosecutor told the jury that if they believed the victim, it was their "duty" to find Mason guilty. Mason claims that this remark was improper and improperly influenced the jury, i.e., it led them to believe they had to convict him if they believed the victim. See Fensterer v. State, Del.Supr., 509 A.2d 1106, 1111–112 (1986) (finding that even if the jury believes the complainant, it may still acquit the defendant).

In Fensterer, the defendant was charged with murder. During its closing argument, the prosecution stated: "To believe the defendant and disbelieve the State, you would have to believe that [the two officers] committed perjury in this case." Id. at 1111. Mason highlights a portion of Fensterer in which the Court stated that the prosecution's remark was improper since: (1) "the jury could have serious doubts about the credibility of both sides," id. at 1112; and (2) "[t]he jury is not required to choose between the State's and the defendant's version of the facts," id.

■ Mason ignores, however, several other important conclusions of the Court. First, the Court noted that while the claim was not raised at trial, it was sufficiently related to a prior objection made during closing to merit review. Id. Here, there was no such objection made and the claim was never properly before the Court. Second, Fensterer was a relatively complex murder case in which there were no eyewitnesses and proof was limited to circumstantial evidence; there was no direct conflict in testimony. As such, the prosecution's remark was improper since it placed upon the defendant the "affirmative duty to disprove the testimony of the police officers." Id. In this case, there were eyewitnesses and their testimony was directly at odds with each other. Obviously, the jury was required to make a credibility determi-nation. Logically, if the jury believed the victim it would convict Mason. This simply is not a case where the prosecutor's comment placed upon Mason an unfair burden or confused the jury.

Additionally, Mason's complaint that the prosecution prejudiced him by asking the jury to "do justice" is not persuasive given that his counsel said much the same thing ("There can be only one just verdict in this case"). See Michael v. State, Del.Supr., 529 A.2d 752, 763 (1987) (court should review prosecutor's rebuttal in light of defense's closing argument); see also United States v. Young, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (plain error not found in prosecutor's instruction to jury to "do its job").

### B. References to his own credibility.

Mason's next claim is that the prosecutor unfairly prejudiced him by comparing the victim's inability to remember the date of the crime with the prosecutor's own inability to remember certain details of a sporting event he attended. The prosecutor admits he used this tactic to show that, despite the victim's forgetfulness, she was not necessarily lying. Mason contends that the prosecutor improperly interjected his own personal experiences into the trial.

■ A prosecutor's argument from personal experience is improper to the extent that it suggests personal belief in the victim's truthfulness, Brokenbrough v. State, Del. Supr., 522 A.2d 851, 859 (1987), or superior knowledge of the victim's truthfulness, Saunders v. State, Del.Supr., 602 A.2d 623, 624 (1984). Here, the prosecutor's personal statement was erroneous but harmless because it was merely peripheral and did not cause the jury to give substantially more weight to the victim's testimony. See Sullivan v. State, Del.Supr., 636 A.2d 931, 941–42 (1994) (rejecting a similar plain error claim of prejudice).

### C. Allusions to his personal belief that Mason was guilty.

Mason next points to the prosecutor's assertion that "this is not a difficult case," claiming that this is an improper personal

opinion concerning the truth of the evidence and Mason's guilt. Given the context of the prosecutor's remark, Mason's claim is flawed.

█ Immediately after making the aforementioned statement, the prosecutor distinguished between this case, which involved eyewitness testimony and required only that the jury assess witness credibility, and more "difficult cases" involving circumstantial evidence and complex jury considerations. It is a stretch to interpret these remarks as "personal beliefs of Mason's guilt."

### D. An assertion that Mason's counsel did not believe Mason was innocent.

During the course of the trial the prosecutor claimed that the victim had been inside Mason's apartment only once—on the evening of the rape. A defense witness later countered that the victim had been to Mason's apartment at a later date also. During closing, the prosecutor noted that Mason's attorney did not cross-examine the victim on this point:

> Certainly [the defense witness] wants to believe it, and if the defense attorney really believed it, why didn't he ask [the victim] about the supposed stuffed animal? Because it never happened, and [the defense witness] was just confused.

█ While this was an improper, and potentially prejudicial remark, see, e.g., United States v. Kirkland, 9th Cir., 637 F.2d 654 (1980) (prosecution cannot suggest to jury that defendant's counsel doubts defendant's innocence), its importance was minimized by several factors. First, during his closing remarks, Mason's counsel noted that "the State didn't cross examine [the victim], and the State hasn't rebutted [the victim], and that's solid evidence." While neither remark was proper, the fact that both the prosecutor and Mason's counsel made similar remarks concerning failure to cross-examine tends to lessen any prejudicial effect the statements might have had alone.[1] Second, the remark was isolated and did not go to the attorney's belief of Mason's guilt. See, e.g., id. at 656 (no abuse of discretion in failing to declare a

mistrial when prosecutor stated that defense counsel knew his clients were "guilty as sin").

### E. Statements that the victim deserves to be believed and deserves justice.

During rebuttal, the prosecutor stated that the victim "deserves the justice of our system" and has "the right to be believed." Mason claims that these statements "divert[ed] the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law." See Ray, 587 A.2d at 442–43 (improper for prosecution to imply that victim will suffer if jury finds defendant innocent); Diaz v. State, Del. Supr., 508 A.2d 861 (1986) (prosecutor's comment that "this is the victim's only shot at justice" was improper).

█ With regard to the prosecutor's comment concerning "justice," it does not appear that Mason's right to a fair trial was violated. While probably at the threshold of what is proper, the prejudicial weight of this comment is not so great as to warrant a reversal. See Diaz, 508 A.2d at 866 (prosecutor's statement that "this is [the murdered victim's] only shot at achieving justice," while improper, did not prejudicially affect the accused's substantial rights).

█ The prosecutor's second remark—that the victim had the right to be believed—is more problematic. As the State pointed out in its answering brief, "the victim ... had a right to be heard; she had, however, no right to be believed." Had Mason objected to this remark during closing, he might have had some chance of relief. Given the fact that he did not object, however, his rights were not prejudiced to the extent that a new trial is required on grounds of plain error.

### F. General statements that people are convicted every day using the standard of proof of guilt beyond a reasonable doubt.

█ Mason complains that the prosecution improperly told the jury that decisions

---

1. This Court notes, however, that the correct response to an improper remark is an objection, not a reciprocal improper argument. *Michael v.* *State*, Del.Supr., 529 A.2d 752, 764 (1987); *Brokenbrough v. State*, Del.Supr., 522 A.2d 851 (1987).

such as the one it was about to make are made every day in courtrooms across the country. He claims that this comment fundamentally undermined his presumption of innocence and right to a fair trial. Mason is mistaken. Even if this comment can be considered improper,[2] it does not rise to the level necessitating a new trial. It does not touch on Mason's guilt or innocence and is not prejudicial. *See, e.g., Ferguson v. State,* Del.Supr., 642 A.2d 772, 778 (1994) (court did not abuse its discretion by not declaring a mistrial when the prosecutor stated: "We, the State, ha[ve] been proving defendants guilty beyond a reasonable doubt for 200 years").

### G. References to the fact that the victim was a virgin before the alleged offense.

Mason claims that the prosecutor improperly argued to the jury that the victim was a virgin prior to the rape. Once again, defendant contends that the prosecutor's reference to this fact "divert[ed] the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law."

█ During the course of the trial the jury was made aware of the victim's sexual status twice—once when the victim testified, without objection, that she was a virgin when she was raped, and once when the prosecutor told the jury during closing that the victim was a virgin prior to the rape. Although the remark may have been improper, *see State v. LaMere,* 103 Idaho 839, 655 P.2d 46, 51 (1982) (prosecutor's reference to victim's "stolen virginity" improper but not so prejudicial as to require a mistrial or reversal), it was merely a return to something that had already been introduced into evidence. It was not so prejudicial a comment as to encroach upon Mason's "substantial rights" or render the trial "unfair."

2. It is doubtful that one could consider this comment improper. Rather, it appears to be a curative comment designed to counter Mason's counsel's statements that the reasonable doubt standard was a standard of "moral certitude" and

### H. Cumulatively

Lastly, Mason argues that, regardless of whether the statements are prejudicial when considered singly, they are prejudicial when considered cumulatively. *See Michael,* 529 A.2d at 765 (Court must weigh cumulative impact of statements to determine if there was plain error); *Wright v. State,* Del.Supr., 405 A.2d 685 (1979) (same).

█ Mason's claim fails. Even when Mason's seven claims are considered together, there is no plain error. Several of the claims fail for lack of foundation, and when the remainder are examined, one cannot find any repeated references to a single prejudicial issue so that the cumulative effect would be prejudicial. *Compare Robertson,* 596 A.2d at 1358 (repeated, extensive references to defendant's failure to testify constituted plain error).

## III. ADMONITION TO COUNSEL

We need not consider whether or not reversible prosecutorial misconduct would have been found if there had been a timely objection to any or all of the alleged prejudicial statements. We decide this appeal solely on the issue of waiver for failure to object. In doing so, we admonish the defense bar to be vigilant in asserting objections to perceived prosecutorial misconduct and inadmissible evidence. Defense counsel should weigh carefully the tactical considerations implicated in the decision not to object in view of the likelihood of waiver and the narrow scope of the plain error exception. If objection is made, the trial court may have the opportunity to cure the problem. Indeed, this principle is one of the purposes of the waiver rule.

By the same token, the Department of Justice is admonished to weigh carefully the tactics employed by its prosecutors in summation or in offering marginally admissible evidence so as not to risk reversible error by engaging in an excess of zeal and rhetoric.

that the jury should place themselves in Mason's shoes, *see Grayson v. State,* Del.Supr., 524 A.2d 1, 2–3 (1987) (improper to ask jury to place themselves in defendant's place).

## IV.  CONCLUSION

After extensive examination of Mason's claims of error, this Court has determined that Mason's arguments are without merit. Several of the claims fail for lack of foundation, and the remainder, even when considered together, are not prejudicial. Therefore, the judgment of the Superior Court is **AFFIRMED.**