**Gary Julius PAIGE, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 73-2469.**

United States Court of Appeals,
Ninth Circuit.

Feb. 11, 1974.

Certiorari Denied June 3, 1974.
See 94 S.Ct. 2649.

Gary Julius Paige, in pro. per.

William D. Keller, U. S. Atty., Eric A. Nobles, Vincent J. Marella, Asst. U. S. Attys., Los Angeles, Cal., for respondent-appellee.

Before BROWNING, DUNIWAY and HUFSTEDLER, Circuit Judges.

## OPINION

DUNIWAY, Circuit Judge:

Paige appeals from an order denying his motion under 28 U.S.C. § 2255 to set aside his conviction. He was convicted of bank robbery on June 5, 1969, and on appeal we affirmed in an unreported decision on February 5, 1971 (cert. denied, Paige v. United States, 1971, 402 U.S. 977, 91 S.Ct. 1681, 29 L.Ed.2d 142). On June 16, 1971, Paige filed his first § 2255 motion, which was denied. On appeal, we affirmed. Paige v. United States, 9 Cir., 1972, 456 F.2d 1278. He filed a second § 2255 motion on March 9, 1972. This, too, was denied, and we again affirmed, in an unreported decision, on December 11, 1972. Neither of these motions raised the question now sought to be raised.

The motion now before us was filed on May 2, 1973, almost four years after Paige was tried and convicted. The grounds for the motion, asserted for the first time, are that both the grand jury that indicted him and the petit jury that tried him were selected "in violation of the petitioner's rights under the Fifth Amendment to the Constitution . . . in that: The . . . selection process arbitrarily discriminates against the following classes of people: (1) the poor; (2) the nonwhite; (3) the uneducated; (4) and the young." Paige says that he does not claim that the Jury Selection and Tenure Act of 1968, 28 U.S.C. §§ 1861–1874 was not complied with. He concedes that, if he were making such an attack, his motion would be untimely under 28 U.S.C. § 1867(a).

▪ Paige's argument is that the use of voter lists to obtain the names of prospective jurors, as the Act provides, necessarily discriminates against the four classes of persons that he names, and that therefore the Act is unconstitutional. Therefore, he says § 1867(a) does not apply. This does not necessarily follow. If using voter lists does what Paige says it does, this might violate both the Act and the Constitution. Section 1863(b)(1) provides for the use of supplementary sources of names if that is necessary to carry out the mandate of Section 1862.

At least two types of discrimination to which Paige refers are expressly prohibited by the Act, 28 U.S.C. § 1862, which prohibits excluding any citizen from jury service "on account of *race, color,* religion, sex, national origin *or economic status.*" (Emphasis added.) We think that, as to "the poor" and "the nonwhite," § 1867(a) does apply. We have heretofore disposed of a similar claim relating to "the young." United States v. Ross, 9 Cir., 1972, 468 F.2d 1213.

▪ We do not here pass on the merits of Paige's claims. If any of them are not barred by § 1867(a), there is another, and we think an insurmountable, barrier to Paige's motion, namely Rule 12(b)(2) of the Federal Rules of Criminal Procedure as construed in Davis v. United States, 1973, 411 U.S. 233, 93 S. Ct. 1577, 36 L.Ed.2d 216. In *Davis*, the Court squarely held that the Rule applies to a claim that the grand jury was selected in an unconstitutional manner. Paige's claim, insofar as it relates to the grand jury, is barred by *Davis*.

Rule 12(b)(2) does not mention the petit jury, but the rationale in *Davis* does. We think that the Court would apply the same rationale to the petit jury. It cites with approval Shotwell Mfg. Co. v. United States, 1963, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357, a case in which there was a belated attack upon the selection of both the grand and the petit juries. There, the Court held that "an objection to the petit jury array is not timely if it is first raised after verdict." (p. 362, 83 S.Ct. p. 461)

▪ In both *Davis* and *Shotwell*, the Court also held that the lower courts did not abuse their discretion in refusing to consider the belated claims that were presented to them because no specific prejudice to the defendant was shown. That is equally the case here. Paige says nothing at all about the manner in which the names placed in the master

jury wheel were selected (28 U.S.C. § 1863(b)(4)), or about the composition of that list of names. He says nothing at all about the composition of the list of jurors drawn from that wheel (28 U.S.C. § 1864(a)). He says nothing at all about the actual composition of the grand jury that indicted him or of the petit jury that tried him. For all that appears, in his particular case, there may have been no discrimination at all.

It is true that the courts have often said that a challenge to the array should be based on the method of selection, not the makeup of a particular jury. Thiel v. Southern Pacific Co., 1946, 328 U.S. 217, 225, 66 S.Ct. 984, 90 L.Ed. 1181; Ballard v. United States, 1946, 329 U.S. 187, 195, 67 S.Ct. 261, 91 L.Ed. 181. But, as the decisions in *Davis* and *Shotwell* show, it is proper to consider actual prejudice to the defendant when the question is whether the court abused its discretion by declining to entertain a late attack upon the array.

Affirmed.