9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duwayne MCCURDY, Defendant-Appellant.
 No. 92-30404.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 DuWayne McCurdy appeals pro se his conviction following jury trial for incest within the boundaries of an Indian reservation in violation of 18 U.S.C. § 1153 and Mont.Code Ann. 45-5-507. McCurdy contends the district court erred by: (1) denying his motion for judgment of acquittal based upon insufficiency of the evidence; (2) denying his motion for a new trial based upon improper closing argument by the prosecutor; and (3) denying his motion for a new trial based upon alleged systematic exclusion of Native Americans from the jury panel. In addition, McCurdy claims he was denied effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Sufficiency of the Evidence
 
 
 4
 McCurdy contends the evidence was insufficient to sustain his conviction because the testimony of defense witnesses contradicted the version of events testified to by the incest victim (McCurdy's daughter) and others. We reject this contention.
 
 
 5
 McCurdy moved for judgment of acquittal not during trial, but after the jury verdict pursuant to Fed.R.Crim.P. 29(c). "[T]he defendant must move for a judgment of acquittal during the trial pursuant to Fed.R.Crim.P. 29(a)" in order to preserve for appeal the question of the sufficiency of the evidence. United States v. Ward, 914 F.2d 1340, 1346 (9th Cir.1990). Accordingly, we review this issue "only to avoid a manifest miscarriage of justice or plain error." United States v. Stauffer, 922 F.2d 508, 511 (9th Cir.1990).
 
 
 6
 Here, the following evidence was adduced at trial. The victim testified that she reported the incest to a Sheriff's Deputy in March 1991 when she was 14 years old. The incest had taken place over a number of years but she did not come forward until 1991 because she was tired of the abuse and the frequency and severity of the abuse was increasing. She related various episodes of abuse which occurred on the Crow Indian Reservation. She had difficulty identifying specific dates on which the abuse occurred, but testified that the last incident of abuse had happened during the immediately preceding winter.
 
 
 7
 The victim's testimony was corroborated in part by her friend, who testified that three to five years earlier the victim had told the friend about being sexually abused by McCurdy. In addition, McCurdy's son testified to an incident which occurred in Hardin, Montana when McCurdy, his son and the victim were all sleeping in the same bed. Although he did not observe any explicit sexual activity, the victim's brother stated that he saw McCurdy "laying on his side, and his hands were in front of" the victim. The victim got up and went to the bathroom and when she returned, she was crying and lay down in bed so that her brother was between her and her father.
 
 
 8
 The defense offered testimony intended to demonstrate that the victim and her father had a difficult relationship and that the victim had made up the incest story in order to punish her father for attempting to discipline her. Numerous witnesses, including the victim's grandparents, testified to the stormy relationship between the victim and McCurdy. In addition, other witnesses testified that they never observed any inappropriate behavior between McCurdy and the victim.
 
 
 9
 McCurdy's argument is essentially a challenge to the weight the jury assigned to the various witnesses' testimony. We must, however, defer to the jury's determination of credibility. See United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992); see also United States v. Young, 573 F.2d 1137, 1139 (9th Cir.1978) ("[I]t is the jury's exclusive function to weigh the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts.") (quoted in United States v. Escalante, 637 F.2d 1197, 1200 (9th Cir.), cert. denied, 449 U.S. 856 (1980)). Furthermore, the prosecution witnesses' testimony was not "incredible or unsubstantial on its face" so as to justify limiting the jury's role. See Escalante, 637 F.2d at 1200. Under these circumstances, we discern no "manifest miscarriage of justice or plain error" in the jury's decision to credit the testimony of the government's witnesses over the testimony of defense witnesses. See Stauffer, 922 F.2d at 513.
 
 II
 Prosecutorial Misconduct
 
 10
 McCurdy contends the district court erred by denying his motion for a new trial because, during closing arguments, the prosecutor improperly vouched for the credibility of the victim's testimony and offered his opinion regarding the testimony of McCurdy's witnesses by referring to their testimony in disparaging terms. We disagree.
 
 
 11
 McCurdy first raised this issue in a post-trial motion for new trial. We review for abuse of discretion the district court's denial of a motion for a new trial. United States v. Aichele, 941 F.2d 761, 765 (9th Cir.1991). McCurdy waived his objections by failing to raise a contemporaneous objection to the prosecutor's argument. See United States v. Sehnal, 930 F.2d 1420, 1425 (9th Cir.), cert. denied, 112 S.Ct. 300 (1991). "[T]herefore, we could only reverse on the basis of these [alleged] improper comments if the court's failure to check them constituted plain error." Id. at 1426.
 
 
 12
 Counsel are permitted "a degree of latitude" when making closing arguments and are allowed to "strike 'hard blows,' " although not " 'foul blows,' " on the basis of the "evidence presented and all reasonable inferences [drawn] therefrom." United States v. Gwaltney, 790 F.2d 1378, 1385 (9th Cir.1986), cert. denied, 479 U.S. 1104 (1987) (quoting United States v. Prantil, 764 F.2d 548, 555 (9th Cir.1985)).
 
 
 13
 " 'As a general rule, a prosecutor may not express his opinion of the defendant's guilt or his belief in the credibility of government witnesses.' " United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993) (quoting United States v. Molina, 934 F.2d 1440, 1444 (9th Cir.1991)). " 'Vouching is especially problematic in cases where the credibility of the witnesses is crucial.' " Id. (quoting Molina, 934 F.2d at 1445). A prosecutor's use of personal pronouns such as "I" or "we" is not improper, however, if he is simply arguing an inference from evidence in the record. Necoechea, 986 F.2d at 1279. "In a case that essentially reduces to which of two conflicting stories is true, it may be reasonable to infer, and hence to argue, that one of the two sides is lying." Molina, 934 F.2d at 1445.
 
 
 14
 McCurdy argues the prosecutor vouched for the credibility of the victim when he stated, "[t]he only person that's worthy of belief, again, I submit, is the victim, who took that stand, that told you what happened to her in a tearful way," and later when he stated, "[t]here is no reason whatsoever for that girl to go through all of that if she's not telling you the truth. And that's all she is doing, she told you the best way she could."
 
 
 15
 We discern no vouching in these remarks. The prosecutor was merely arguing from the evidence presented, specifically the emotional difficulty the victim had testifying, that the victim's testimony was more believable than that of the defense witnesses. See Necoechea, 986 F.2d at 1279 (prosecutor's statement, "[w]hy, ladies and gentlemen, if [the government witness is] lying, isn't she doing a better job of it? I submit to you, ladies and gentleman, that she's not lying. I submit to you that she's telling the truth," did not constitute vouching).
 
 
 16
 McCurdy also claims that the prosecutor improperly made disparaging remarks regarding the testimony of the defense witnesses. He points to statements the prosecutor made in which the prosecutor argued that the testimony of defense witnesses should not be believed. The prosecutor argued that defense witnesses were well prepared for direct examination but ran into difficulty during cross-examination and that the defense testimony was mostly in the nature of assertions that the victim had an axe to grind with the defendant because the victim herself was really a bad person. Clearly, in this case somebody was lying and the prosecutor simply argued from the evidence offered that the victim's testimony, unlike that of the defense witnesses, was believable. See Molina, 934 F.2d at 1445 (where evidence offered was contradictory, prosecutor properly argued that defense testimony was unbelievable).
 
 
 17
 Accordingly, we hold no plain error here and the district court did not abuse its discretion by denying the motion for a new trial on this basis. See Aichele, 941 F.2d at 765.
 
 III
 Jury Composition
 
 18
 McCurdy contends the district court erred by denying his second motion for a new trial made pursuant to 28 U.S.C. § 1867(e), and filed the day of sentencing, which alleged constitutional violations in selection of the petit jury array because the jury panel did not represent a fair cross section of his Native American racial group. We decline to address this argument because it was not raised in a timely fashion below.
 
 
 19
 Fed.R.Crim.P. 12(b)(2) forecloses constitutional objections to the petit jury array that are not made prior to trial. See Shotwell Mfg. Co. v. United States, 371 U.S. 341, 362-63 (1963) (petitioners' objection that the clerk of the district court failed to employ a jury selection method designed to secure a cross-section of the population was lost under Rule 12(b)(2) because petitioners failed to object prior to trial); Paige v. United States, 493 F.2d 22, 23 (9th Cir.) (relying on Rule 12(b)(2) and declining to address merits of appellant's constitutional challenge to use of voter lists to select petit jury array where appellant failed to raise claim before trial), cert. denied, 417 U.S. 935 (1974); see also United States v. Handy, 454 F.2d 885, 892 (9th Cir.1971) (noting that post-trial motion pursuant to 28 U.S.C. § 1867(e) challenging jury selection procedures is untimely), cert. denied, 409 U.S. 846 (1972). McCurdy's reliance on an Eighth Circuit case, United States v. Jones, 687 F.2d 1265 (8th Cir.1982) (holding defendant not barred from raising a post-trial constitutional challenge to the jury selection procedure under 28 U.S.C. § 1867(e)), in an attempt to establish the timeliness of his constitutional objections to the selection of the venire is of no aid to him. A panel not sitting en banc may not overturn existing Ninth Circuit precedent such as Paige. See Nichols v. McCormick, 929 F.2d 507, 510 n. 5 (9th Cir.1991), cert. denied, 112 S.Ct. 1226 (1992). Therefore, McCurdy's argument must fail.
 
 IV
 Ineffective Assistance of Counsel
 
 20
 Finally, McCurdy contends that he was denied effective assistance of counsel because his trial counsel failed: (1) to object to alleged errors in the prosecutor's closing argument; (2) timely to challenge the composition of the petit jury array; and (3) to find out why the Clerk of Court brought a stack of files into the jury room during deliberations.
 
 
 21
 Generally we do not review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such is the case with respect to McCurdy's claims of ineffective assistance relating to his counsel's failure to raise before trial the challenge to the method of selection of the petit jury array and to inquire about the stack of files allegedly brought to the jury during deliberations.
 
 
 22
 As to counsel's failure to make contemporaneous objections during the prosecutor's closing arguments, we have previously held that, "[b]ecause many lawyers refrain from objecting during ... closing argument, absent egregious misstatements, the failure to object during closing argument ... is within the 'wide range' of permissible professional legal conduct," and failure to do so is not ineffective assistance of counsel. See Necoechea, 986 F.2d at 1281.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McCurdy's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3