NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30134 |
| Plaintiff-Appellee, | D.C. No. 4:20-cr-00226-DCN-1 |
| v. | |
| KENNETH SHAYE SIMMONS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted November 16, 2023[**]
Seattle, Washington

Before: McKEOWN and GOULD, Circuit Judges, and BENNETT,[***] District
Judge.

Appellant Kenneth Simmons is a Black man who was convicted by jury for

failure to register as a sex offender under 18 U.S.C. § 2250(a).  He timely appeals

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard D. Bennett, United States Senior District
Judge for the District of Maryland, sitting by designation.

his conviction on the basis that he was denied the right to a fair and impartial jury under the Sixth Amendment. *Duren v. Missouri*, 439 U.S. 357, 358–60 (1979). We have jurisdiction under 28 U.S.C. § 1291 and review a defendant's challenge to the composition of a jury "independently and non-deferentially." *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1158 (9th Cir. 2014) (en banc) (quoting *United States v. Sanchez-Lopez*, 879 F.2d 541, 546 (9th Cir. 1989)). We affirm.

1. Mr. Simmons' claim was untimely even under Rule 12 of the Federal Rules of Criminal Procedure, which offers a more lenient standard than 28 U.S.C. § 1867(a).[1] *See Paige v. United States*, 493 F.2d 22, 23 (9th Cir. 1974) (applying both § 1867(a) and Rule 12). Rule 12 of the Federal Rules of Criminal Procedure requires that a party show "good cause" when making an untimely pre-trial motion. *See* Fed. R. Crim. P. 12(c)(3). Mr. Simmons, whose counsel was aware of the jury composition before the jury was impaneled, shows no good cause for raising his cross-section challenge after opening statements had been made.

2. Even if Mr. Simmons' motion was timely, he cannot make a prima facie case under *Duren*, 439 U.S. 357. For a jury pool to be deemed unconstitutional under *Duren*, the defendant must establish that: (1) the excluded group is a distinctive group in the community; (2) the underrepresentation of the group in jury

---

[1] A fair cross-section challenge must be brought before voir dire or "within seven days after the defendant discovered or could have discovered, by the exercise of due diligence, the grounds therefor, whichever is earlier." 28 U.S.C. § 1867(a).

venires is not fair and reasonable in relation to the size of the group; and (3) "this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Hernandez-Estrada*, 749 F.3d at 1159 (quoting *United States v. Miller*, 771 F.2d 1219, 1228 (9th Cir. 1985)). "The second prong 'requires proof, typically statistical data, that the jury pool does not adequately represent the distinctive group in relation to the number of such persons in the community.'" *Id.* (quoting *United States v. Esquivel*, 88 F.3d 722, 726 (9th Cir. 1996)).

Mr. Simmons shows no data supporting his allegations of underrepresentation and merely infers systematic exclusion from the jury-selection process. Appellant's failure to provide data is noteworthy given that the record reflects that the District Court correctly noted the jury pool was "almost exactly consistent with Eastern Idaho statistically." Moreover, Mr. Simmons places the burden on the District Court to defend its selection system. But as the defendant, Mr. Simmons must carry the burden of making a prima facie case under *Duren* to challenge the selection system as unfair. *Id.*

**AFFIRMED.**

3