DONNIE RAY HAWKINS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 465, 2007.
Supreme Court of Delaware.
Submitted: November 6, 2007.
Decided: January 7, 2008.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 7th day of January 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Donnie Ray Hawkins, filed an appeal from the Superior Court's August 6, 2007 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and AFFIRM.
(2) Hawkins was found guilty by a Superior Court jury of two counts of Possession of a Weapon During the Commission of a Felony, two counts of Aggravated Menacing, two counts of Unlawful Imprisonment in the Second Degree, two counts of Offensive Touching, Assault in the Third Degree, Endangering the Welfare of a Child, Disorderly Conduct, Driving Under the Influence of Alcohol, and Driving After Judgment Prohibited. Hawkins' convictions and sentences were affirmed by this Court on direct appeal.[2]
(3) In this appeal, Hawkins claims that his counsel provided ineffective assistance by failing to a) conduct a reasonable investigation; b) file a pretrial motion to dismiss overlapping charges; c) review a videotape of his arrest; d) devise a trial strategy and communicate with him about it; e) attack the police testimony; f) subpoena certain witnesses for trial; g) obtain a continuance so his hospitalized sister could testify; h) object to a pretrial statement by his stepdaughter; i) conduct an adequate cross examination of the witnesses; and j) raise on appeal the failure of the police to preserve evidence.
(4) Hawkins did not raise claims a), b), c), g) or h) in his postconviction motion in the Superior Court. As such, we will not consider those claims in this appeal.[3] Hawkins' additional claims that the trial judge was biased, improperly limited the cross examination of certain witnesses, and improperly commented on the evidence also were not raised in Hawkins' postconviction motion. We, therefore, will not consider those claims in this appeal.[4]
(5) In order to prevail on his remaining claims of ineffective assistance of counsel, Hawkins must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[5] Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[6]
(6) As determined by the Superior Court in its August 6, 2007 decision, Hawkins has failed to demonstrate that any alleged error on the part of his counsel resulted in prejudice to him. As such, we conclude that Hawkins' claims of ineffective assistance of counsel are without merit and that the judgment of the Superior Court should be affirmed on the basis of its well-reasoned decision dated August 6, 2007.
(7) It is manifest on the face of Hawkins' opening brief that his appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Hawkins v. State, Del. Supr., No. 257, 2006, Ridgely, J. (July 11, 2006).
[3] Supr. Ct. R. 8.
[4] Id.
[5] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
[6] Flamer v. State, 585 A.2d 736, 753 (Del. 1990).