# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE  )
          )  I.D. No. 30500267DI
v.         )
          )
WILLIS L. GRAYSON, II  )
          )
    Defendant  )

Submitted: May 19, 2014
Decided:  August 14, 2014

Upon Defendant's Fifth Motion for Postconviction Relief.
**DENIED.**

Upon Defendant's Motion for Appointment of Counsel.
**DENIED.**

Upon Defendant's Motion for Evidentiary Hearing.
**DENIED.**

## <u>ORDER</u>

James J. Kriner, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Willis L. Grayson, II, Smyrna, Delaware, *pro se*.

COOCH, R.J.

   This 14th day of August 2014, upon consideration of Defendant's Fifth Motion for Postconviction Relief, Motion for Appointment of Counsel, and Motion for Evidentiary Hearing, it appears to the Court that:

1.  Defendant Willis Grayson ("Defendant") filed this Fifth Motion for Postconviction Relief and Motion for Evidentiary Hearing based on

several theories, most prominent among being that Defendant asserts he is entitled to counsel under the decisions in *Martinez v. Ryan*[1] and *Holmes v. State*.[2]

2. A jury found Defendant guilty of two counts of Rape Second Degree on September 16, 1985. Defendant was subsequently sentenced on March 7, 1986 to thirty years at Level V for each conviction, sentences to run consecutively, for a total of sixty years. The Supreme Court of Delaware affirmed Defendant's convictions on direct appeal on April 10, 1987.[3]

3. Defendant's First Motion for Postconviction Relief, filed *pro se*, was denied by this Court on December 15, 1992. The Supreme Court of Delaware affirmed the denial of that motion on March 15, 1993; Defendant raised eight grounds for relief in his initial motion with the Superior Court, but only three when appealing this Court's denial to the Supreme Court of Delaware, thereby waiving the remaining five claims.[4] As set forth in the Court's opinion denying Defendant's initial motion for postconviction relief, Defendant's alleged grounds for relief were as follows: 1) "Absence of medical record;" 2) "Sufficiency of the evidence;" 3) Vagueness of statute;" 4) "Admission of the medical record;" 5) Unlawful use of peremptory challenges;" 6) "Grand jury proceedings;" 7) "Ineffective assistance of counsel;" and 8) "Admission of testimony concerning a 'riding crop.'"[5]

4. Defendant filed his Second Motion for Postconviction Relief *pro se* on May 17, 2002, and this motion was summarily dismissed.[6] This motion was a "cookie cutter" submission; it was one of multiple identical motions for postconviction relief and supporting memoranda that were submitted by convicted sex offenders within the same

---

[1] 132 S.Ct. 1309 (2012).
[2] 67 A.3d 1022 (Del. 2013).
[3] *Grayson v. State*, 524 A.2d 1 (Del. 1987).
[4] *Grayson v. State*, 622 A.2d 1095 (Del. 1993). Defendant apparently filed his initial motion for postconviction relief on June 26, 1992, beyond the three year limitation of Superior Court Criminal Rule 61(i)(1) prior to its amendment in 2005, but this Court determined that the three year period was tolled by virtue of a docketing error with Defendant's July 11, 1989 "Motion for Judgment of Evidentuary [sic] Hearing New Trial." *State v. Grayson*, I.D. No. 30500267DI, at 1 (Del. Super. Dec. 15, 1992).
[5] *Id.* at 2-13.
[6] *State v. Grayson*, 2002 WL 1335523 (Del. Super. June 13, 2002).

general timeframe.[7] Therefore, Defendant's Second Motion for Postconviction Relief was deemed "utterly without merit" and summarily dismissed by this Court.[8] The Supreme Court of Delaware affirmed this summary dismissal on September 19, 2002.[9]

5.    Defendant filed his Third Motion for Postconviction Relief *pro se* on March 27, 2007. Defendant asserted four grounds for relief including 1) double jeopardy, (2) lack of jurisdiction, (3) prejudice due to the absence of a certain medical report, and (4) ineffective assistance of counsel.[10] This Court found Defendant's claims to be procedurally barred, summarily dismissed Defendant's motion, and denied his request for appointment of counsel under Rule 61 (e) for failure to show good cause.[11] The Supreme Court of Delaware affirmed this summary dismissal on January 7, 2008.[12]

6.    Defendant filed his Fourth Motion for Postconviction Relief *pro se* on November 8, 2010.[13] Defendant raised four grounds for postconviction relief in the instant motion: 1) double jeopardy; 2) The "second" trial court lacked jurisdiction; 3) "Filure [sic] to produce and provide Defendant with complete copy of ITC's [presumably "initial trial court"] mistrial transcript," and 4) ineffective assistance of counsel.[14] This Court, again, summarily dismissed Defendant's Fourth Motion for Postconviction Relief finding all of Defendant's grounds either conclusory or procedurally barred:

> [T]his Court finds that, while perhaps some of Defendant's claims may be "somewhat differently packaged and articulated, the substance of Defendant's newest claims" have been fully and fairly litigated and decided over the 23 year post-trial history of this case. Further, even if any of Defendant's instant claims were novel,

---

[7] *Id.*

[8] *Id.* at *2.

[9] *Grayson v. State*, 812 A.2d 224, 2002 WL 31107571 (Del. Sep. 19, 2002) (ORDER) ("The Superior Court did not err in concluding that Grayson's motion for postconviction relief was time-barred and that Grayson had failed to overcome this procedural hurdle.")

[10] *State v. Grayson*, 2007 WL 1064451 (Del. Super. Apr. 9, 2007).

[11] *Id.* at 2.

[12] *Grayson v. State*, 941 A.2d 1018, 2008 WL 187934 (Del. Jan. 7, 2008) (ORDER) ("The Superior Court did not err in concluding that appellant's third motion for postconviction relief was untimely, that his claims were otherwise procedurally barred, and that appellant had failed to overcome the procedural hurdles.").

[13] *State v. Grayson*, 2011 WL 285599 (Del. Super. Jan. 18, 2011).

[14] *Id.* at *1.

3

> Defendant has not shown that the consideration of any of his claims is warranted in the interests of justice, as he has failed to articulate any factual basis to support the contention that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish him."[15]

7. The Supreme Court of Delaware affirmed this summary dismissal on August 18, 2011.[16]

8. Defendant now files his Fifth Motion for Postconviction Relief. In addition, he has also filed a Motion for Appointment of Counsel and a Motion for an Evidentiary Hearing. Defendant asserts six grounds in his lengthy, circuitous postconviction motion, all variations or combinations of the following set of arguments: 1) ineffective assistance (both during trial and his appeal), 2) abuse of discretion by the Court for denying Defendant's previous requests for counsel and postconviction motions, 3) lack of jurisdiction, 4) alleged failure of the Court to provide Defendant with a "complete" transcript, 5) Double Jeopardy, and 6) Defendant is entitled to counsel under the decisions in *Holmes* and *Martinez*.[17] Defendant argues that the issues with his First Motion for Postconviction Relief filed in 1992 and the Court's previous alleged "abuses of discretion" overcome any procedural bars under Superior Court Rule of Criminal Procedure 61.[18]

9. In Defendant's separate Motion for Appointment of Counsel, Defendant again relies on *Martinez*, arguing :

> [T]he issues raised are pursuant to 6th Amendment. Issues are raised as a result of the "new rule" of constitutional law on cases of "collateral review" by the United States Supreme Court that was previously unavailable, that are specific to the right to counsel on collateral review of the Sixth Amendment ineffective assistance of counsel claim.[19]

10. Defendant also states good cause exists for counsel because his Motion for Postconviction Relief requires discovery "which he has

---

[15] *Id.* at *4 (footnotes omitted).
[16] Grayson v. State, 27 A.3d 551, 2011 WL 3652475 (Del. Aug. 18, 2011) (ORDER) ("The Superior Court did not err when determining that the appellant's fourth motion for postconviction relief was procedurally barred, and that the appellant offered no reason to excuse the procedural defaults.").
[17] Def.'s Mot. for Postconviction Relief.
[18] *Id.* at 5.
[19] Def.'s Mot. for Appointment of Counsel.

been constantly denied, i.e., documents and/or records were incomplete; denials were on the basis he is an imprisoned inmate."[20]

11. In Defendant's Motion for Evidentiary Hearing, Defendant makes a nearly identical argument to his Motion for Appointment of Counsel. He asserts postconviction motions are "civil litigation" and therefore he is entitled to "a full and fair hearing before the Court to present his case."[21]

12. Whether or not an evidentiary hearing should be held is at the judge's discretion.[22] "It is well-settled that the Superior Court is not required to conduct an evidentiary hearing upon a Rule 61 motion if, on the face of the motion, it appears that the petitioner is not entitled to relief."[23] "If it appears that an evidentiary hearing is not desirable, the judge shall make such disposition of the motion as justice dictates."[24]

13. Under the Delaware Superior Court Rules of Criminal Procedure, a Motion for Postconviction Relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications.[25] A motion exceeds time limitations if it is filed more than one year after the conviction is finalized or they assert a newly recognized, retroactively applied right more than one year after it is first recognized.[26] A motion is considered repetitive and therefore barred if it asserts any ground for relief "not asserted in a prior postconviction proceeding."[27] Repetitive motions are only considered if it is "warranted in the interest of justice."[28] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedural default unless movant can show "cause for relief" and "prejudice from [the] violation."[29] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus hearing" are barred.[30] Former adjudications are only reconsidered if "warranted in the interest of justice."[31]

---

[20] *Id.*
[21] Def.'s Mot. for Evidentiary Hrg.
[22] Super Ct. Crim. R. 61(h)(1).
[23] *Hawkins v. State*, 839 A.2d 666, 2003 WL 22957025, at *1 (Del. 2003) (ORDER).
[24] Super Ct. Crim. R. 61(h)(3).
[25] Super. Ct. Crim. R. 61(i).
[26] Super. Ct. Crim. R. 61(i)(1).
[27] Super. Ct. Crim. R. 61(i)(2).
[28] *Id.*
[29] Super. Ct. Crim. R. 61(i)(3).
[30] Super. Ct. Crim. R. 61(i)(4).
[31] *Id.*

14.    Before addressing the merits of this Fifth Motion for Postconviction Relief, the court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[32]  If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[33]

15.    All of Defendant's claims are procedurally barred under Rule 61(i). Defendant's conviction was finalized in 1987, twenty-seven years ago and well outside the time barrier of Rule 61.[34] Defendant does not appear to argue a retroactive right under *Martinez*[35] and argues no other retroactive rights to overcome this bar. The majority of Defendant's claims, including ineffective assistance, abuse of discretion, lack of jurisdiction, transcript issues, and double jeopardy, have also been previously adjudicated at some length and are therefore barred. Defendant readily admits "[t]hroughout this Defendant's [postconviction motions] he has always raised [ineffective assistance of counsel] claims, as well as Double Jeopardy, 2nd Trl. Ct., Lacked Jurisdiction; [Court] and State failed to produce and provide him with a complete copy of the mistrial proceedings…"[36] The Court has addressed, and rejected, all of Defendant's arguments as to those grounds in previous motions.  Simply restating these claims does not change the fact that Defendant's arguments have already been decided in this Court.[37]

16.    Defendant's arguments as to appointment of counsel, assuming *arguendo* that they are not time-barred, are barred as a procedural default. If this ground is indeed new, Defendant fails to show "cause for relief" and "prejudice from [the] violation" other than bald assertions that he was denied an alleged litany of state and federal constitutional rights under *Holmes* and *Martinez* when the court denied him counsel. On the contrary, the Delaware Supreme Court has held that there is neither a federal nor a state constitutional right to counsel in a postconviction proceeding. The Supreme Court held in *Roten v. State*:

---

[32] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[33] *Id.*
[34] The one-year limitation is an amendment to Rule 61, effective July 1, 2005. Defendant is therefore subject to the original three year limitations period prior to 2005. Defendant is still, however, twenty-four years beyond that limitation.
[35] Def.'s Mot. for Postconviction Relief at 6.
[36] *Id.* at 7.
[37] *Younger*, 580 A.2d 552 at 556 ("Neither federal nor state courts are required to relitigate in postconviction proceedings those claims which have been previously resolved.").

6

The United States Supreme Court held in *Martinez v. Ryan* that inadequate assistance of counsel during initial postconviction proceedings may establish cause for a defendant's procedural default of a claim of ineffective assistance of counsel at trial in pursuing federal habeas corpus relief. Contrary to Roten's contention, *Martinez* does not hold that there is a federal constitutional right to counsel in first postconviction proceedings. Furthermore, Roten misreads this Court's decision in *Holmes v. State*. In *Holmes*, we held that the Superior Court abused its discretion in denying Holmes' motion for the appointment of counsel to assist him in his first postconviction proceeding. We remanded for the appointment of counsel under the Superior Court's new Criminal Rule 61(e), which allows for the appointment of counsel in first postconviction proceedings. The rule was adopted May 6, 2013 and is *not* retroactive. We did not hold in *Holmes* that a right to counsel in first postconviction proceedings exists as a matter of Delaware constitutional law.[38]

17.  Further, since *Martinez* did not establish a new constitutional right, it cannot be applied retroactively."[39] Defendant may not apply *Martinez* or *Holmes* retroactively to his claim. As such, Defendant's arguments fail to overcome the bar of Rule 61 (i)(3).

18.  Defendant's attempts to overcome the procedural bars of Rule 61 in the "interests of justice" or under the exceptions of Rule 61 (i)(5)[40] due to the docketing issue of his first motion or previous Court denials also fail. As this Court held in its Fourth Motion for Postconviction Relief decision:

> Any errors in docketing were remedied by this Court's determination that the procedural bar of Rule 61(i)(1) was tolled as of the filing date of Defendant's first motion for postconviction relief, which was thoroughly considered and properly denied. Thus, it is clear from the face of Defendant's instant motion and the record of his prior proceedings that Defendant's claims do not meet the high standard that the fundamental fairness exception requires.[41]

---

[38] *Roten v. State*, 80 A.3d 961, 2013 WL 5808236, at *1 (Del. Oct. 28, 2013) (ORDER) (footnotes omitted).

[39] *State v. Travis*, 2013 WL 1196332, at *3 (Del. Super. Mar. 25, 2013), *aff'd sub nom.*, *Anderson v. State*, 69 A.3d 370 (Del. 2013) and *aff'd,* 69 A.3d 372 (Del. 2013).

[40] Super. Ct. Crim. R. 61 (i)(5) ("*Bars Inapplicable.* The bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.").

[41] *Grayson*, 2011 WL 285599, at *4 (footnotes omitted).

19. Additionally, this Court finds that the "interests of justice" do not require any of the above procedural bars to be reversed. The Delaware Supreme Court has explained:

> [T]he "interest of justice" exception provides two pathways to demonstrate that a claim is not procedurally barred. The exception applies when (1) "the previous ruling was clearly in error or there has been an important change in circumstances, in particular, the factual basis for issues previously posed," or (2) there is an "equitable concern of preventing injustice." But the interest of justice exception is narrow and will only be applied in limited circumstances.[42]

"Justice does not require that an issue that has been previously considered and rejected be revisited simply because the claim is refined or restated."[43] Defendant's substantial claims have been addressed by this Court and he provides no new evidence that warrants a reversal of the procedural bars.

20. Newly amended Rule 61 (e), effective February 1, 2014, states that "For an indigent movant's untimely first postconviction proceeding or an indigent movant's second or subsequent postconviction proceedings, the court will appoint counsel only in the exercise of discretion for good cause shown, but not otherwise."[44]

21. Defendant's motion was filed after the effective date, but he has failed to show good cause to appoint counsel. For the reasons stated above in addressing his request for counsel in his postconviction claim, this Court finds Defendants Motion for Appointment of Counsel to also be without merit.

22. Superior Court Rule of Criminal Procedure 57(d) allows for the incorporation of civil procedure when no criminal procedure is provided so long as it is not "inconsistent" with criminal rules.[45] Rule 57 (d) is inapplicable here, despite Defendant's simply incorrect assertions that postconviction motions are "civil," because postconviction evidentiary hearings are governed by Rule 61(h)(1). It

---

[42] *Lindsey v. State*, 83 A.3d 738, 2014 WL 98645, at *3 (Del. Jan. 9 2014) (ORDER)(footnotes omitted) (quoting *Weedon v. State*, 750 A.2d 521, 527-28 (Del. 2000).

[43] *Riley v. State*, 585 A.2d 719, 721 (Del. 1990), *abrogated on other grounds by Morgan v. Illinois*, 504 U.S. 719 (1992).

[44] Super. Ct. Crim. R. 61 (e)(1).

[45] Super. Ct. Crim. R. 57 (d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court.").

appears on the face of Defendant's motions that he is not entitled to relief.  Accordingly, the Court has decided, in its discretion, not to grant the Defendant an evidentiary hearing.

Therefore, Defendant's Fifth Motion for Postconviction Relief, Motion for Appointment of Counsel and Motion for Evidentiary Hearing are **DENIED**.

**IT IS SO ORDERED.**

_____

Richard R. Cooch, R.J.

oc:	Prothonotary
cc:	Investigative Services